IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| WILLIE WALKER, 2012 Hegemon Crest Dr. Columbus, OH 43219 Plaintiff, v. COLUMBUS DIVISION OF POLICE, FRANKLIN COUNTY PROSECUTOR'S OFFICE, FRANKLIN COUNTY CORONER'S OFFICE, CITY OF COLUMBUS, ROBBY WARNICK, ROBERT WACHALEC, TERRY MCCONNELL, MICHELLE HENRY, KENT HARSHBARGER, AND JANET A. GRUBB, et al Defendants. | Case No.: 2:25 CV 0162 Judge: JUDGE MORRISON MAGISTRATE JUDGE VASCURA COMPLAINT JURY TRIAL DEMANDED |

FILED RICHARD W. NAGEL CLERK OF COURT FEB 18 2025 U.S. DISTRICT COURT SOUTHERN DISTRICT OF OHIO-COLUMBUS

1. COMES NOW Plaintiff WILLIE WALKER, and files this action against Defendants COLUMBUS DIVISION OF POLICE, FRANKLIN COUNTY PROSECUTOR'S OFFICE, FRANKLIN COUNTY CORONER'S OFFICE, CITY OF COLUMBUS, ROBBY WARNICK, ROBERT WACHALEC, TERRY MCCONNELL, MICHELLE HENRY, KENT HARSHBARGER, JANET A. GRUBB, GARY COOPER, RAYMOND GUMAN, STRAYER SMITH, ROY LISATH, MICHAEL GRAY, BECKER, KIM JACOBS, QUINLAN, MICHAEL WOODS, DINNER, GINTHER, ROBERT CLARK, LASHANNA POTTS, BODKER, WEIR, ELAINE BRYANT, and ANDREW GINTHER, and states as follows:

## INTRODUCTION

2. This is a civil action brought by Plaintiff Willie Walker, the father of Vonmason Walker, who was murdered on October 16, 2015, at 321 Johnson Street, Columbus, Ohio. Despite overwhelming evidence of foul play, the Columbus Division of Police (CPD) and other Defendants engaged in a pattern of misconduct, obstruction of justice, and dereliction of duty, resulting in the failure to properly investigate and prosecute those responsible for Vonmason Walker's death.

3. Plaintiff seeks redress for the violations of his constitutional rights, the wrongful death of his son, and the systemic failures of the Defendants to uphold their duties under federal and state law.

## PARTIES

4. Plaintiff: Willie Walker is the father of Vonmason Walker, deceased, and a resident of Columbus, Ohio.

5. Defendant Columbus Division of Police (CPD) is a municipal police department responsible for law enforcement in Columbus, Ohio.

6. Defendant Franklin County Prosecutor's Office is the prosecutorial authority responsible for charging decisions in Franklin County, Ohio.

7. Defendant Franklin County Coroner's Office is the agency responsible for determining the cause and manner of death in Franklin County, Ohio.

8. Defendant City of Columbus is a municipal corporation responsible for the administration of the Columbus Division of Police.

9. The individual Defendants are various officers, detectives, and officials from the CPD, Franklin County Prosecutor's Office, and Franklin County Coroner's Office, including but not limited to:

   i. Detective Robby Warnick (#1797)
   ii. Detective Robert Wachalec (#1716)
   iii. Sergeant Terry McConnell (#5121)
   iv. Detective Michelle Henry (#573)
   v. Dr. Kent Harshbarger (Franklin County Coroner)
   vi. Janet A. Grubb (First Assistant Prosecuting Attorney)
   vii. Detective Gary Cooper (#1758)
   viii. Detective Raymond Guman (#1858)
   ix. Sergeant Strayer (#5113)
   x. Lieutenant Smith (Retired)
   xi. Sergeant Roy Lisath (#5222, Internal Affairs Bureau)
   xii. Commander Michael Gray (#5021)
   xiii. Deputy Chief Becker
   xiv. Chief Kim Jacobs
   xv. Chief Quinlan
   xvi. Interim Chief Michael Woods
   xvii. Commander Dinner
   xviii. Deputy Chief of Staff for Mayor Ginther, Kate Pishotti
   xix. Public Safety Director Robert Clark

  xx. Assistant Chief Lashanna Potts
  xxi. Assistant Chief Bodker
  xxii. Deputy Chief Weir
  xxiii. CPD Chief Elaine Bryant
  xxiv. Columbus, Ohio Mayor Andrew Ginther

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Franklin County, Ohio.

## FACTUAL BACKGROUND

12. On October 16, 2015, Vonmason Walker was shot and killed in the kitchen of a residence at 321 Johnson Street, Columbus, Ohio.

13. Despite clear evidence of foul play, including witness statements, forensic evidence, and private investigations, the CPD initially ruled the death a suicide and later as accidental.

14. The Franklin County Coroner's Office initially ruled the death a suicide but later changed the manner of death to "undetermined" and eventually to "homicide" after pressure from Plaintiff and private investigators.

15. The CPD and other Defendants engaged in a pattern of misconduct, including:

    i. Obstruction of Justice: CPD detectives tampered with evidence, including the destruction of Vonmason Walker's cell phone, which contained incriminating text messages.

    ii. Filing False Documents: Witness statements were altered, and false reports were filed to support the suicide/accidental death narrative.

    iii. Dereliction of Duty: CPD failed to properly investigate the crime scene, interview key witnesses, and follow up on leads.

    iv. Intimidation of Witnesses: CPD detectives treated witnesses as suspects, leading to witness intimidation and refusal to cooperate.

    v. Failure to Intervene: Supervisory officials within CPD and the Franklin County Prosecutor's Office failed to intervene despite clear evidence of misconduct.

16. Plaintiff hired private investigators, who uncovered significant evidence of foul play, including:

   i. Witness statements implicating Lamont Galloway, Shane Brown, and Demetrius Billups in the murder.
   ii. Forensic evidence showing that Vonmason Walker's death was not self-inflicted.
   iii. Polygraph tests indicating deception by key suspects.

17. Despite this evidence, the Franklin County Prosecutor's Office refused to bring charges, citing a lack of probable cause.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 – DEPRIVATION OF CIVIL RIGHTS

18. Plaintiff incorporates by reference all preceding paragraphs.

19. Defendants, acting under color of state law, deprived Plaintiff and Vonmason Walker of their rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, including:

   i. The right to due process of law.
   ii. The right to equal protection under the law.
   iii. The right to be free from unreasonable searches and seizures.

20. Defendants' actions were intentional, reckless, and in violation of clearly established constitutional rights.

### COUNT II: WRONGFUL DEATH

21. Plaintiff incorporates by reference all preceding paragraphs.

22. Defendants' misconduct and failure to properly investigate Vonmason Walker's death directly resulted in the wrongful death of Vonmason Walker.

23. As a result, Plaintiff has suffered severe emotional distress, loss of companionship, and other damages.

### COUNT III: OBSTRUCTION OF JUSTICE

24. Plaintiff incorporates by reference all preceding paragraphs.

25. Defendants, particularly CPD detectives, engaged in a pattern of obstruction of justice, including tampering with evidence, destroying evidence, and filing false reports.

26. For instance, CPD intentionally wiped blood off the handgun at the crime scene and added manufactured blood spatter to make it appear as if Vonmason Walker shot himself.

27. CPD also destroyed Vonmason Walker's cell phone, which contained incriminating text messages from one of the suspects, Lamont Galloway, stating, "when I see you straight beef on site, prepare yourself!".

28. CPD detectives also badgered a key witness, Nakeshia Woodfork, who was willing to testify that the suspects had repositioned Vonmason Walker's body after the shooting. The witness retreated from the case due to CPD's aggressive treatment.

29. Further, two suspects, Shane Brown and Demetrius Billups, voluntarily took polygraph tests and failed, indicating deception. Despite this, CPD took no action.

30. In addition to the foregoing, the blood on Vonmason Walker's right hand was initially claimed by CPD to be high-velocity blowback, but the Franklin County Coroner's Office and BCI confirmed it was blood dripping from his head, not blowback.

31. The head wound angle mark on Vonmason Walker's head indicated a clockwise angle, consistent with a left-handed shooter. Vonmason was right-handed, further supporting the theory that he was murdered by someone else.

32. CPD ignored audio recordings of witnesses implicating the suspects, including a witness who stated, "Demetrius shot VonMason."

33. CPD failed to act on evidence that the suspects had repositioned Vonmason Walker's body and delayed calling 911 for 24 minutes after the shooting.

34. Five independent investigations concluded that Vonmason Walker was murdered, and the crime scene was staged to look like an accidental shooting.

35. The private investigations included forensic analysis, witness interviews, and polygraph tests, all of which pointed to foul play.

36. These actions were intended to cover up the true circumstances of Vonmason Walker's death and prevent the prosecution of those responsible.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff incorporates by reference all preceding paragraphs.

38. Defendants' actions, including the mishandling of the investigation, intimidation of witnesses, and refusal to prosecute, were extreme and outrageous, causing Plaintiff severe emotional distress.

## COUNT V: NEGLIGENCE

39. Plaintiff incorporates by reference all preceding paragraphs.

40. Defendants owed a duty of care to Plaintiff and Vonmason Walker to properly investigate the death and uphold the law.

41. Defendants breached this duty through their negligent actions and inactions, resulting in harm to Plaintiff and the wrongful death of Vonmason Walker.

## COUNT VI: MUNICIPAL LIABILITY UNDER MONELL v. DEPARTMENT OF SOCIAL SERVICES

42. Plaintiff incorporates by reference all preceding paragraphs.

43. The City of Columbus and the Franklin County Prosecutor's Office maintained policies, practices, and customs that led to the violation of Plaintiff's constitutional rights, including:

   i. A pattern of failing to properly investigate homicides.
   ii. A culture of protecting officers and officials from accountability.
   iii. A failure to train and supervise officers in proper investigative techniques.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Willie Walker respectfully requests that this Court:

   i. Award compensatory damages in an amount to be determined at trial;
   ii. Award punitive damages against the individual Defendants;
   iii. Declare that Defendants violated Plaintiff's constitutional rights;
   iv. Issue injunctive relief requiring Defendants to implement reforms to prevent future misconduct;
   v. Award attorney's fees and costs pursuant to 42 U.S.C. § 1988; and
   vi. Grant any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Willie M. Walker*

Willie Walker,
2012 Hegemon Crest Drive
Columbus, OH 43219
walker22w@aol.com

Case: 2:25-cv-00162-SDM-CMV Doc #: 1 Filed: 02/18/25 Page: 7 of 7 PAGEID #: 7

Case: 2:25-cv-00162-SDM-CMV Doc #: 1 Filed: 02/18/25 Page: 7 of 7  PAGEID #: 7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint was served on all Defendants via certified mail on this 18 day of febaary, 2025.

_Willie M. Walker_
Willie Walker,
2012 Hegemon Crest Drive
Columbus, OH 43219
walker22w@aol.com