UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIE M. WALKER,**

        **Plaintiff,**      :

  v.                                 Case No. 2:25-cv-162
                                       Chief Judge Sarah D. Morrison
                                       Magistrate Judge Chelsey M.
**COLUMBUS DIVISION OF**         Vascura
**POLICE,** *et al.***,**               :

        **Defendants.**

## OPINION AND ORDER

Willie M. Walker, proceeding *pro se*, filed this action against the Columbus Division of Police ("CPD"), City of Columbus, Franklin County Prosecutor's Office, Franklin County Coroner's Office, and 24 individual employees of those agencies, alleging that they failed to properly investigate the death of his son and prosecute the potential suspects involved. The Franklin County Defendants[1] and City Defendants[2] filed their separate Motions to Dismiss pursuant to Federal Rule

---

[1] Franklin County Prosecutor's Office, Franklin County Coroner's Office, and Janet Grubb (First Assistant Prosecuting Attorney) collectively filed three identical Motions to Dismiss (ECF Nos. 12–14), raising the same arguments for dismissal. Though Dr. Kent Harshbarger (Franklin County Coroner) originally joined in those Motions, Mr. Walker has voluntarily dismissed him. (ECF No. 23).

[2] The City Defendants are the City of Columbus, CPD, Detective Robby Warnick, Detective Robert Wachalec, Sergeant Terry McConnell, Detective Michelle Henry, Detective Gary Cooper, Detective Raymond Guman, Sergeant Strayer, Lieutenant Smith, Sergeant Roy Lisath, Commander Michael Gray, Deputy Chief Becker, Chief Kim Jacobs, Chief Quinlan, Interim Chief Michael Woods, Commander Dinner, Kate Pishotti, Robert Clark, Assistant Chief Lashanna Potts,

12(b)(6). (ECF Nos. ECF Nos. 12–15.) For the reasons below, the Motions are **GRANTED**.

I.   FACTUAL BACKGROUND

On October 16, 2015, Mr. Walker's son, Vonmason Walker, sustained a gunshot wound to his head, killing him. This suit arises from the aftermath of Vonmason's death, including Mr. Walker's attempt to hold the actors involved accountable. This case is tragic. And the succeeding investigation into Vonmason's death certainly raises more questions than it answers. But the Court is duty-bound to apply the law as it stands to the facts as they are. It endeavors to do so here.

When considering a motion to dismiss, the Court construes the factual allegations in the light most favorable to plaintiff. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

Following Vonmason's death, CPD detectives, including Detective Warnick and Detective Wachalec, investigated the case. (Compl., ¶ 2; ECF Doc. 1-1, PAGEID # 9–10.) Despite the overwhelming evidence of foul play, the CPD detectives initially determined that the cause of death was a suicide, and, later, accidental. (*Id.*, ¶ 13.)

In Mr. Walker's view, the CPD failed to properly investigate his son's death. (*Id.*, ¶ 2.) He alleges that Detective Wachalec deleted an incriminating text message that a potential suspect sent to Vonmason. (Compl., ¶ 27; ECF Doc. 1-1, PAGEID #

---

Assistant Chief Bodker, Deputy Chief Weir, Chief Elaine Bryant, and Columbus Mayor Andrew Ginther.

9–11.) ¶ 2.) Moreover, Detective Warnick changed a witness statement, and failed to follow up on leads. (*Id.*, PAGEID # 9–10.)

Given his dissatisfaction with CPD's investigation, Mr. Walker hired several private investigation firms to uncover the truth. In or around July 2016, Mr. Walker's private investigator interviewed a witness that provided critical evidence suggesting Vonmason was murdered – she identified three potential suspects, and alleged that those potential suspects had manipulated the crime scene to appear like a suicide. (*Id.*, ¶ 28; ECF Doc. 1-1, PAGEID # 15.) The witness retreated from the case due to aggressive treatment by CPD. (*Id.*, ¶ 28.) According to Mr. Walker, "five independent investigations concluded that Vonmason was murdered, and that the crime scene was staged to look like an accidental shooting." (*Id.*, ¶ 34.) His private investigators presented their findings to the Franklin County Coroner, Dr. Harshbarger. (*Id.*, ¶ 14.) Subsequently, in or around November 2016, Dr. Harshbarger changed Vonmason's cause of death to homicide. (*Id.*; ECF Doc. 1-1, PAGEID # 26.)

Despite the evidence suggesting that Vonmason was murdered, the Franklin County Prosecutor's Office failed to prosecute anyone. Indeed, on December 1, 2022, Ms. Grubb informed Mr. Walker that Vonmason's case was not prosecutable, finding that it lacked sufficient evidence to proceed against any of the potential suspects. (ECF No. 24, PAGED # 639).

## II. PROCEDURAL BACKGROUND

Mr. Walker now asserts five claims against all of the Defendants: 1) violation of the Fourth, Fifth, and Fourteenth Amendment under 42 U.S.C. § 1983, 2) wrongful death, 3) obstruction of justice,[3] 4) intentional infliction of emotional distress, and 5) negligence. (Compl.) He also brings a municipality liability § 1983 claim against the City of Columbus and the Franklin County Prosecutor's Office. (*see Id.*) In response to the Motions to Dismiss, Mr. Walker opposed the Motions and requested leave to amend his Complaint to cure any deficiencies. (ECF Nos. 16, 22).

## III. MOTIONS TO DISMISS

### A. Standard of Review

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent

---

[3] In response to the City Defendants' Motion to Dismiss, Mr. Walker conceded that obstruction of justice is a criminal offense under Ohio and federal law, not a private cause of action. (Reply, ECF No. 22, PAGEID # 618.) Accordingly, Mr. Walker's obstruction of justice claim is **DISMISSED**.

4

> with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In ruling on a 12(b)(6) motion, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

These standards apply equally when the plaintiff is *pro se*. Although a *pro se* litigant is entitled to a liberal construction of his pleadings and filings, he still must do more than assert bare legal conclusions, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

    B. Analysis

The Defendants move for dismissal of Mr. Walker's Complaint for three reasons (among other things): 1) *sui juris* and immunity, 2) statute of limitations,

and 3) failure to state a claim upon which relief can be granted. (ECF Nos. 12–15.) Their first two arguments are dispositive.

### 1. *Sui Juris* and Absolute Immunity

The Defendants argue that the Franklin County Coroner's Office, Franklin County Prosecutor's Office and CPD are incapable of being sued because they are not *sui juris*. (ECF Nos. 12–15.) They are correct. *See Miller v. Ohio*, No. 2:22-CV-1712, 2022 WL 4779804, at *3 (S.D. Ohio Oct. 3, 2022) (Morrison, J.) (finding that the Delaware County Prosecutor's Office and City of Hilliard's Police Division are not *sui juris*.) (citations omitted).

In addition, the Franklin County Defendants argue that Ms. Grubb is immune from suit. In fact, even though she refused to prosecute the potential suspects in Vonmason's death, Ms. Grubb is entitled to prosecutorial immunity because she was acting in her capacity as a prosecutor. The Sixth Circuit explains that "[p]rosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb Cty. Enf't Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). This includes "[a] prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer." *Manetta*, 141 F.3d at 274 (quoting *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir.), cert. denied, 139 L. Ed. 2d 401, 118 S. Ct. 560, 522 U.S. 996 (1997)).

Accordingly, the Franklin County Defendants' Motion to Dismiss is **GRANTED**. To the extent that the City Defendants seek dismissal of CPD, the Motion is **GRANTED**. The Franklin County Coroner's Office, Franklin County Prosecutor's Office, CPD, and Ms. Grubb are **DISMISSED**.

### 2. Statute of Limitations

City Defendants also argue that Mr. Walker's claims are barred by the statute of limitations. Ohio's two-year general statute of limitations contained in Ohio Revised Code § 2305.10 applies to § 1983 actions arising in Ohio. *Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). The statute of limitations for intentional infliction of emotional distress and negligence claims is four-years. Ohio Rev. Code Ann. § 2305.09; *see also Cleavenger v. B.O.*, 184 N.E.3d 968, 975-976 (Ohio Ct. App. 2022) (statute of limitations for intentional infliction emotional distress is ordinarily four years). A wrongful death action has a two-year statute of limitations. Ohio Rev. Code Ann. § 2125.02(F)(1).

"[Because] Ohio's statute of limitations applies to § 1983 claims, so does its tolling statute, unless the result is inconsistent with federal law." *Michelle R. v. Village of Middleport*, No. 2:19-CV-2272, 2019 WL 4452678, at *3 (S.D. Ohio Sep. 17, 2019) (Sargus, J.). "Under Ohio law, the statute of limitations for § 1983 claims may only be tolled when—at the time the cause of action accrued—the plaintiff was either a minor or was 'of unsound mind.'" *Id.* (citing Ohio Rev. Code § 2305.16). Yet, federal law governs when a cause of action accrues, and when the statutory period

7

begins to run. *Bishop v. Children's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010). "And that accrual occurs 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Jones v. City of Cincinnati*, No. 1:22-CV-530, 2024 WL 707288, at *9 (S.D. Ohio Feb. 21, 2024) (Cole, J.) (internal citation omitted).

Taking the factual allegations raised in the Complaint as true, Mr. Walker's claims are time-barred. He knew or should have known about the alleged mishandled police investigation after his private investigators uncovered the foul play in or around July 2016. So Mr. Walker had until July 2018 to bring his § 1983, *Monell*, and wrongful death claims and July 2020 to bring his negligence and intentional infliction of emotional distress claims. The Complaint was filed on February 18, 2025.

In his opposition, Mr. Walker argues that the discovery rule and the doctrine of equitable tolling save his claims. But neither theory is availing.

    a)    *Discovery Rule*

"As a general matter, the statute of limitations begins to run when the plaintiff has a 'complete and present cause of action.'" *Reed v. Goertz*, 598 U.S. 230, 235-36, 143 S. Ct. 955, 215 L. Ed. 2d 218 (2023) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201, 118 S. Ct. 542, 139 L. Ed. 2d 553 (1997)). "[T]he discovery rule begins once a plaintiff learns of an injury from the defendant's conduct—even if the plaintiff does not discover the full extent of the injury until later." *Shelton v. Cuyahoga Metro. Hous. Auth.*, 1:23-

8

CV-483, 2024 WL 4336371, at *5 (N.D. Ohio Sept. 27, 2024) (quoting *Reguli v. Russ*, 109 F.4th 874, 883 (6th Cir. 2024).

The discovery rule does not extend the date that Mr. Walker's statute of limitations period began to run. According to Mr. Walker, Defendants' misconduct continued to unfold over time, and he did not know the full scope of his injury until December 2022. He alleges that the CPD detectives concealed evidence such that he was delayed in discovering his injury until after all the private investigators ended their investigations; and, on December 1, 2022, Ms. Grubb declined to prosecute any suspects in connection with Vonmason's death. But the discovery rule does not allow Mr. Walker to wait until he has discovered the full extent of the alleged misconduct by the Defendants. Rather, the statute of limitations accrues when he knew that there was an injury – in this case, the significant misconduct and foul play that was uncovered by his private investigators as early as July 2016.

   b)  *Equitable Tolling*

Ohio's tolling rules apply to § 1983 claims as long as they are not inconsistent with federal law or policy. *Jones*, 2024 WL 707288, at *10. In Ohio, "equitable tolling is only available in compelling cases which justify a departure from established procedure." *Roach v. Vapor Station Columbus, Inc.*, No. 21AP-511, 2022 WL 2211529, at *2 (Ohio Ct. App. June 21, 2022) "A litigant seeking equitable tolling must demonstrate he diligently pursued his rights, but some extraordinary circumstance ... prevented timely action." *Id*. "The doctrine is generally limited to

9

circumstances in which a litigant is intentionally misled or tricked into missing the filing deadline." *Id.* (citation omitted).

The equitable tolling doctrine does not apply here. Mr. Walker does not explain how he was intentionally misled or tricked into missing the filing deadlines for his claims. Even accepting as true his allegations that some Defendants concealed evidence and threatened witnesses, none of these factual allegations took place in the four years prior to Mr. Walker initiating this lawsuit.

Thus, Mr. Walker's claims are barred by the statute of limitations. The City Defendants' Motion to Dismiss is **GRANTED**.

## IV. MOTION FOR LEAVE TO AMEND THE COMPLAINT

In the event the Court found any deficiencies in his Complaint, Mr. Walker seeks leave to amend the Complaint. Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may

10

deny leave to amend as futile if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

The Court finds that allowing Mr. Walker leave to amend his Complaint would be futile. In his opposition to the Motions, Mr. Walker explains that his amendment would address the procedural issues. (ECF No. 22, PAGEID # 621.) But he cannot overcome the statute of limitations bar on his claims.

Accordingly, Mr. Walker's Motion for Leave to Amend the Complaint (ECF No. 22) is **DENIED** as futile.

## V. CONCLUSION

The Franklin County Defendants' Motions to Dismiss (ECF Nos. 12–14) and City Defendants' Motion to Dismiss (ECF No. 15) are **GRANTED**.

Mr. Walker's Motion for Leave to Amend the Complaint (ECF No. 22) is **DENIED**.

Mr. Walker's Motion for Summary Judgment (ECF No. 27) and Motion to Correct a Mistake (ECF No. 34) are **DENIED** as moot.

The Clerk is **DIRECTED** to terminate this case on the docket.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

11